■ RALPH L. DI BENEDETTO et al., Appellants, v. WERNER C. DANGEL et al., Respondents.—

No opinion. Rabin, P. J., Christ and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: This action was brought to recover damages for personal injuries suffered

by a four-year-old child when struck by defendants' automobile. The infant plaintiff allegedly sustained severe brain damage. The accident occurred during the afternoon of October 31, 1963, in the area of 112th Street and 107th Avenue, Richmond Hill, New York. The infant's mother testified that her child had been crossing the street in a line of children which she was supervising from the rear and which another mother was leading. Suddenly, a car appeared out of nowhere, traveling at an excessive speed and struck the infant plaintiff, hurling his body through the air a distance of approximately 90 feet. The witness testified that, when crossing the children, she looked both ways and saw no oncoming cars. Moreover, there were no parked cars in the area to block the view of the road. Defendants' account differed sharply from that of plaintiffs. Defendants claimed that the child ran out from between parked cars. Defendant Werner Dangel testified that he was driving at a speed of 20 or 25 miles an hour. Just as he was about to pass a parked car he caught sight of a red hat about four or five feet away. As he stepped on the brake he saw a little boy fly out past the car. The car struck the child and threw his body a distance of 15 or 16 feet. One of defendants' witnesses was Police Officer Daniel Boiko. He did not see the accident, but he arrived on the scene about three minutes after the accident was reported. His testimony was based upon notations in his memorandum book which recorded his observations as of the time he arrived. The officer testified that there were two parked cars at the west curb approximately 14 feet apart. He found defendants' car adjacent to the first of the two parked vehicles. Over the objection of plaintiffs' counsel, the officer was permitted to testify that, in his opinion, based upon the position of defendants' car and the tire marks, the child was struck near one of the parked vehicles at the west curb approximately 125 feet north of 107th Avenue on 112th Street. This testimony supported defendants' claim that the child was struck when he ran out from between parked cars. The officer was unable to testify as to the length of the tire marks. In my opinion, the facts were insufficient to support the officer's conclusion. Neither the location of defendants' automobile nor the tire marks were an accurate indicator of the point of impact. The car may have continued for a significant distance beyond the point at which the child was struck. This is a strong possibility because the child was hurled through the air, suggesting that the automobile was traveling at a substantial speed. The officer's opinion as to the point of impact, therefore, was merely speculative and should have been excluded (Lopez v. Yannotti, 24 A D 2d 758). In view of the fact that the challenged testimony corroborated defendants' version of the accident and tended to resolve a close question of fact in defendants' favor, I believe there has been prejudicial error. Accordingly, the judgment should be reversed and a new trial granted.